**COMMONWEALTH PERFUME & TOILET WATER MFG. CO., Inc., v. CAMPBELL, Federal Prohibition Adm'r, et al.**

District Court, E. D. New York.

June 28, 1929.

Lewis Landes, of New York City, for plaintiff.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, Asst. U. S. Atty., of Brooklyn, N. Y., and John E. O'Neill, Counsel to Prohibition Administrator, of New York City, of counsel), for defendants.

INCH, District Judge.

This is a suit in equity to review the action of the Prohibition Administrator in refusing to allow a permittee an increased withdrawal. The increase was asked for on the ground that a contract had been made with a certain party, whose name, business, and address was given, whereby it would be necessary to have the increase. This application was held up quite a long time in the administrator's office. In the meantime, as might be naturally supposed, the contractor notified the permittee that because of this delay he was going to cancel the contract. Thereafter the administrator refused the increase on the ground that this contract no longer existed and the reason for the increase no longer prevailed. Thereupon the permittee obtained from the other party a renewed willingness to carry out the contract. This, in substance, is the issue.

Under such circumstances there would seem to be no question but that the action of the administrator having occasioned this delay, and the same being a reasonable excuse for the proposed cancellation, was arbitrary in thereafter insisting upon his refusal in the face of a proposed renewal of the contract.

So far as I can see, the contract is now in existence; hence the permittee is entitled to his increase and a decree should enter accordingly.

However, this does not mean that the administrator, if not satisfied with the apparently existing contract, need refrain from examining the parties in regard to same and if the contract is then found not to actually and in good faith exist, or there appear other reasons indicating an unlawful diversion of denatured alcohol, he can then proceed as he may deem necessary from these new facts and circumstances. In the meantime, however, as I am only considering the record before me, the permittee is entitled to have his increase pending such re-examination, if any.

Submit decree accordingly.